**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| STEVE ASCHE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CV 26-20-BU-WWM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND DISMISSING COMPLAINT WITH PREJUDICE |

On March 13, 2026, Plaintiff Steve Asche, proceeding *pro se*, lodged a Complaint (Doc. 2) and moved the Court to proceed *in forma pauperis*. (Doc. 1). When a litigant proceeds *in forma pauperis*, the Court reviews the complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against defendants who are immune. 28 U.S.C. § 1915(e)(2). After reviewing Plaintiff's motion and screening the Complaint, on April 7, 2026, United States Magistrate Judge Timothy J. Cavan entered Findings and Recommendations in this matter. (Doc. 3). Judge Cavan granted Plaintiff's motion to proceed *in forma pauperis*. *Id*. at 11. Before the undersigned completed the review of his Findings and Recommendations, Mr.

Asche filed an amended Complaint.[1]  In considering the Findings and
Recommendations, it is important to understand the contents of the pleadings filed
by Mr. Asche.

<u>Plaintiff's Allegations</u>

In his initial pleading, Mr. Asche makes three factual allegations to support
his claims under the Federal Tort Claims Act ("FTCA").  In the introductory
section, he focuses the lawsuit on "negligence committed by supervisors of the
USPS who required [him] to perform work outside physician imposed medical
restrictions." (Doc. 2-2 at 1).  The cause of action for negligence is premised upon
USPS's "breach[] [of] its duty of reasonable care by assigning duties outside of
medical restrictions causing aggravation of injuries." (Doc. 2-2 at 2).  Mr. Asche
further claims that the Federal Employees Compensation Act ("FECA") is not
applicable because the actionable negligence "arises from assignment of work
outside medical restrictions after the initial injury occurred." (Doc. 2-2 at 2).  He
seeks $ 24,000,000 in addition to costs for the alleged acts of negligence.

A complaint alleging a cause of action with the agency responsible for the

_____

[1] As part of his recommendations, Judge Cavan noted that Plaintiff should be allowed to amend
the Complaint given his perception that the initial pleading failed to state a claim.  As noted
below, the review of the pleadings and their exhibits by the undersigned makes clear that further
amendment would be futile.

2

negligent or wrongful act or omission pursuant to the FTCA may not be filed before the plaintiff has filed an administrative claim. 28 U.S.C. § 2675(a). The initial administrative claim for $ 29 million focused on workplace injuries incurred by Mr. Asche on or about September 8, 2022. He signed the SF-95 (the standard form used to submit a tort claim to the agency allegedly responsible for the negligent or wrongful acts or omissions) on September 6, 2024. (Doc. 2-3 at 2).[2] Plaintiff's support for the claim is based upon the negligence of USPS when it did not "properly investigate" the accident. (Doc. 2-3 at 4). Mr. Asche further alleged that USPS did not accommodate him after a physician established necessary restrictions on his activities. He claimed that USPS compelled him to perform tasks inconsistent with the conditions. Mr. Asche also expressed concerns that his employment would be terminated. According to Plaintiff, in May 2024, USPS stated that his physician's conditions would not be honored. (Doc. 2-3 at 5).

Mr. Asche attached another SF-95 to the Complaint. This SF-95 is dated October 20, 2024, and was received by USPS the following day. It seeks $ 1,200,000 related to Mr. Asche's compensation based upon the Rural Route

---

[2] Nothing filed by Mr. Asche establishes when USPS received the administrative claim. However, attached as exhibits to his Complaint are two e-mails dated September 6, 2024, which appear to be responsive to Sections 8 and 10 (property damage and personal injur[ies]) of the SF-95 dated the same day.

3

Evaluation Compensation System ("RRECS"). *Id.* at 8; Doc. 2-3. Mr. Asche focused on the failure of the RRECS program and management to provide proper compensation thereby acting negligently with respect to enforcement, implementation, and maintenance of the RRECS program. (Doc. 2 at 4). Mr. Asche stated that he received an "inaccurate and much deflated salary" after his injury and redeployment to Rural Route 20 in Gallatin County. (Doc. 2 at 5).

The amended Complaint, filed on April 27, 2026, demands $29 million. (Doc. 5 at 1). In the amended pleading, Mr. Asche alleges that he incurred a work-related injury misclassified by the Department of Labor's Office of Workers' Compensation Programs ("OWCP")[3] as pre-existing. *Id.* He made no reference to OWCP in his initial Complaint nor in the exhibits filed with it. To his amended Complaint, he attached two additional e-mails from October 22, 2024, in which he alleged that OWCP was negligent by denying him medical care. (Doc. 5-1 at 3). He noted that OWCP, on October 25, 2022, attributed the injury to a pre-existing condition. *Id.* The second e-mail provides additional detail on the opinions of his medical providers and how they differ from OWCP's. (Doc. 5-1 at 4). Mr. Asche filed yet another SF-95 as an exhibit to the Amended Complaint.

---

[3] Mr. Asche attached an exhibit to the amended Complaint which seems to confirm that he sent certain information on this case to the OWCP in September, 2025. (Doc. 5-1 at 5).

(Doc. 5-1 at 2-3). It is dated October 22, 2024, and appears to have been received by USPS on the same day. (Doc. 5-1 at 2). In it, Mr. Asche claimed $ 4,000,000 in lost wages and $ 25,000,000 for pain and suffering. *Id.* The allegations in the administrative claim dated October 22, 2024 and the amended Complaint filed on April 27th were not covered in Judge Cavan's Findings and Recommendations because they had not been alleged in the initial Complaint or provided as exhibits attached to it.

Analysis

As part of his findings, Judge Cavan noted that the Complaint contained "no allegations about Plaintiff's compensation or the Rural Route Evaluation Compensation System." (Doc. 3 at 8). With respect to Plaintiff's allegation about a workplace injury, Judge Cavan concluded that such a negligence claim is barred by FECA, which provides "the exclusive remedy against the federal government for federal employees injured at work." *Id.* at 5 (quoting *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995)).

Construing Plaintiff's Complaint liberally, and with "an abundance of caution," Judge Cavan recommended that this Court dismiss Plaintiff's negligence claim with prejudice and allow Plaintiff to amend his Complaint with respect to other counts "within 14 days of the date of the Court's Order addressing this

Findings and Recommendation," requiring that, "[i]f Plaintiff chooses to amend his Complaint, he must match case-specific facts with the law clearly enough to enable the Court and the defendant to understand what facts are at issue and why Plaintiff believes the law entitles him to relief." Id. at 9-12.

Neither party objected to Judge Cavan's Findings and Recommendation and, therefore, they are not entitled to *de novo* review of the record. 28 U.S.C. § 636. Rather, this Court reviews Judge Cavan's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

The Court finds no clear error in Judge Cavan's Findings and Recommendations (Doc. 3). Additionally, the Court finds that Plaintiff's Amended Complaint does nothing to remedy the flaws in his pleading identified by Judge Cavan. The amended Complaint is substantively similar to Plaintiff's initial Complaint and includes no cognizable cause of action under the FTCA. It does make clear that Mr. Asche has pursued his claims with OWCP. Mr. Asche's allegation that OWCP has been negligent in the handling of his claim does not bring Plaintiff's claims outside of the exclusive remedies provided by other statutes

6

(FECA and the Civil Service Reform Act). *See Woodward v. U.S.*, 951 F.2d 365, 365 (9th Cir, 1991) (unpublished) ("The sole remedy for an adverse administrative decision is review by the Department of Labor, whose decision is not subject to judicial review."); *Noble v. U.S.*, 216 F.3d 1229, 1235 (finding that where there is a "substantial question" whether FECA provides the exclusive remedy, the district court must hold the case in abeyance pending a determination by the Secretary of Labor); *Hawkins v. United States*, 14 F.4th 1018, 1020 (9th Cir. 2021) (holding that a traditional causation principals apply to claims arising from a FECA covered injury). The undersigned has reviewed both pleadings and all of the administrative claims submitted to USPS. Mr. Asche's claims are not cognizable under the FTCA. As such, Plaintiff's Complaint will be dismissed. Accordingly:

**IT IS HEREBY ORDERED** that Judge Cavan's Findings and Recommendations are **ADOPTED**, except for the recommendation that Plaintiff be given leave to amend his Complaint.

**IT IS FURTHER ORDERED** that this matter be **DISMISSED WITH PREJUDICE.**

The Clerk of Court is directed to notify the parties of the making of this Order.

7

DATED this 17th day of July, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE